UNITED STATES DISTRICT COURT

DISTRICT OF MINNESOTA

| | |
|---|---|
| ERIC LADON McMILLAN, | Civil No. 07-4102 (RHK/JSM) |
| Petitioner, | |
| v. | **REPORT AND RECOMMENDATION** |
| CCA/PRAIRIE CORRECTIONAL FACILITY, | |
| Respondent. | |

This matter is before the undersigned United States Magistrate Judge on Petitioner's application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.  The case has been referred to this Court for a Report and Recommendation pursuant to 28 U.S.C. § 636 and Local Rule 72.1.  For the reasons discussed below, it is recommended that the petition for writ of habeas corpus be summarily dismissed pursuant to Rule 4 of The Rules Governing Section 2254 Cases In The United States District Courts.[1]

## I.  BACKGROUND

In July 2005, Petitioner was sentenced to two years on probation in a federal criminal case prosecuted in this District.  United States v. McMillan, Crim. No. 03-383(4) (DWF/SRN).  While Petitioner was still on probation, he was charged with a controlled substance offense under Minnesota state law.  He later entered a guilty plea in his state criminal case, and he was sentenced to 36 months in state prison.  Petitioner is presently serving his state prison sentence at the Prairie Correctional Facility in Appleton, Minnesota.

---

[1]  Rule 4 provides that "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner."

Although Petitioner has brought this action under 28 U.S.C. § 2254, he is <u>not</u> presently challenging his Minnesota state criminal conviction or sentence.   Instead, Petitioner is attempting to challenge a detainer that has been filed against him, based on a warrant that was issued in his aforementioned federal criminal case.   The warrant apparently was issued because Petitioner has been charged with violating the terms and conditions of his probation, by committing the controlled substance offense for which he was convicted in state court.  The current petition specifically indicates that Petitioner wants the federal detainer to be "lifted."  (Petition, [Docket No. 1], p. 4, § 11(d).)

Although Petitioner has failed to explain why he wants to be relieved from the detainer, the Court recognizes that a detainer can sometimes adversely affect the conditions of a prisoner's incarceration.  In this case, it is possible that the detainer at issue could be affecting Petitioner's security classification, his eligibility for prison rehabilitation programs, or some other aspect of his state prison sentence.

Petitioner has also failed to explain why he believes the federal detainer against him should be removed.  His current petition offers no factual or legals grounds for granting him the relief he is seeking.   However, even if Petitioner had presented some grounds for removing the detainer, his claims could not be adjudicated in the present § 2254 habeas corpus proceeding, for the reasons discussed below.

## II.  DISCUSSION

28 U.S.C. § 2254 provides a federal court remedy to a person who claims that he or she is being detained by a state authority, pursuant to a state court ruling that is constitutionally flawed.  The statute authorizes federal courts to review a state court ruling that allegedly is causing a person to be held, unconstitutionally, in state custody.  Normally,

however, habeas review under § 2254 is not available, unless the person has first "exhausted the remedies available in the state courts."    28 U.S.C. § 2254(b)(1)(A). Furthermore, a writ of habeas corpus under § 2254 cannot be granted, unless the federal court concludes that the state court judgment at issue "was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or... was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding."    28 U.S.C. § 2254(d).    Looking at the statute as a whole, it is very clear that habeas corpus relief is available under § 2254 only for individuals who are in state custody, and are challenging the constitutionality of a state court adjudication that effected such custody.

In this case, however, Petitioner is <u>not</u> challenging the constitutionality of the state court judgment that caused his current state custody.    Therefore, Petitioner's current claims, (whatever they may be), cannot be entertained in a § 2254 habeas corpus proceeding.

As noted above, Petitioner is presently challenging a detainer that has been issued pursuant to a federal court warrant.    If Petitioner believes that the detainer is somehow improper, under federal law or the Constitution, he may be able to seek relief in the federal court case that produced the warrant and resulting detainer.[2]

---

[2]    On the other hand, if Petitioner is not challenging the validity of the detainer per se, but he is instead challenging only the manner in which the conditions of his confinement are being affected by the detainer, he might then be able to seek relief in a non-habeas civil action.    Any such action presumably would be brought against his immediate custodian, (i.e., the Warden at Prairie Correctional Facility), in state or federal court.    It should be noted, however, that Petitioner could not bring a civil rights action against his custodian, (or anyone else), unless he were claiming that his federal constitutional rights have been violated.    Petitioner's current petition does not suggest any grounds for making such a

The Court has even considered whether it might be appropriate to attempt to convert the present petition into a motion that could be entertained by the trial court judge in Petitioner's federal criminal case – District Court Judge Donovan W. Frank.  See Castro v. United States, 540 U.S. 375, 381-82 (2003) ("Federal courts sometimes will ignore the legal label that a pro se litigant attaches to a motion and recharacterize the motion in order to place it within a different legal category.... [Citations omitted.]  They may do so in order to avoid an unnecessary dismissal,... to avoid inappropriately stringent application of formal labeling requirements... [citation omitted], or to create a better correspondence between the substance of a pro se motion's claim and its underlying legal basis.").  The Court has concluded, however, that even if there were some procedural mechanism by which this matter could be converted into a motion in Petitioner's federal criminal case, and the matter could accordingly be reassigned to Judge Frank, it would serve no useful purpose to follow that course here.  Regardless of how the present petition might be construed, it could never be successful, because Petitioner has not identified any factual or legal grounds on which any relief could be granted in his favor.  The "grounds for relief" section of Petitioner's current habeas corpus application has been left completely blank, except for the repeated notation "NA," (presumably meaning "not applicable").  Therefore, even if the current petition could somehow be presented to Judge Frank, he would have no basis for granting Petitioner any relief.

---

claim.  Furthermore, even if Petitioner could devise a constitutional claim, it is doubtful whether such a claim could be successful.  See Mohammed v. Sullivan, 866 F.2d 258, 260 (8th Cir. 1989) (prison officials can properly consider detainers when determining a prisoner's custody level).

4

### III.  CONCLUSION

In sum, the remedy provided by 28 U.S.C. § 2254 is not available here, because Petitioner is not presently challenging the validity of any state court adjudication.  Instead, Petitioner is challenging only the validity of a detainer resulting from a warrant issued by a federal court.  Petitioner may be able to challenge the validity of the warrant and resulting detainer in the federal court case in which the warrant was issued, but he cannot do so in a § 2254 habeas corpus petition.  The Court will therefore recommend that this action be summarily dismissed.  However, it will be recommended that the case be dismissed without prejudice, so that the dismissal of this action will not preclude Petitioner from challenging the validity of the warrant and detainer by other means.[3]

### IV.  RECOMMENDATION

Based upon the foregoing and all of the files, records, and proceedings herein,

**IT IS HEREBY RECOMMENDED THAT**:

1.  Petitioner's application for a writ of habeas corpus be summarily **DENIED**; and

2.  This action be **DISMISSED WITHOUT PREJUDICE**.

DATED:        October 1, 2007

*s/ Janie S. Mayeron*
JANIE S. MAYERON
United States Magistrate Judge

---

[3]  Needless to say, if Petitioner does try to challenge the warrant and detainer by some other means, (presumably by filing a motion in his federal criminal case), he will have to provide a comprehensive explanation of the factual and legal grounds on which that challenge is based.  As the Court has repeatedly pointed out, Petitioner's current petition does not include any grounds for relief whatsoever.

Under D. Minn. LR 72.1(c)(2) any party may object to this Report and Recommendation by filing with the Clerk of Court, and serving all parties by **October 22, 2007**, a writing which specifically identifies those portions of this Report to which objections are made and the basis of those objections.  Failure to comply with this procedure may operate as a forfeiture of the objecting party's right to seek review in the Court of Appeals. A party may respond to the objecting party's brief within ten days after service thereof.  All briefs filed under this rule shall be limited to ten pages.  A judge shall make a de novo determination of those portions to which objection is made.   This Report and Recommendation does not constitute an order or judgment of the District Court, and it is therefore not appealable directly to the Circuit Court of Appeals.